1    UNITED STATES DISTRICT COURT
2         DISTRICT OF PUERTO RICO

3    GLADYS PAZ,
4
5         Plaintiff,
                                              Civil No. 05-1791 (JAF)
6         v.

7    JOHN E. POTTER,
8    POSTMASTER GENERAL,
9    UNITED STATES POSTAL SERVICE,

10        Defendant.


11                    **OPINION AND ORDER**

12        Plaintiff, Gladys Paz ("Paz"), filed the present action against

13   Defendant John Potter, Postmaster General of the United States Postal

14   Service ("USPS"), alleging violations of Title VII of the Civil

15   Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. ("Title VII")(2003 &

16   Supp. 2005), the Age Discrimination in Employment Act ("ADEA"), 29

17   U.S.C. §§ 621-634 (1994 & Supp. 2003), and Plaintiff's due process

18   rights under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

19   <u>Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff alleges that she suffered

20   discrimination in the form of disparate treatment and a hostile work

21   environment based on her sex and age, and in retaliation for filing

22   Equal Employment Opportunity ("EEO") complaints.  <u>Docket Document</u>

23   <u>No. 1</u>.  Defendant moves to dismiss Plaintiff's constitutional and

24   hostile work environment claims for lack of subject matter

25   jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and

26   also seeks summary judgment for Plaintiff's retaliation and disparate

Civil No. 05-1791 (JAF)                                                    -2-

1    treatment claims pursuant to Federal Rule of Civil Procedure 56.
2    <u>Docket Document No. 12</u>.

3                                    **I.**

4                    **<u>Factual and Procedural Synopsis</u>**

5    <u>    </u>We derive the following factual summary from the parties'
6    filings.  <u>Docket Document Nos. 1, 12, 13, 14, 15</u>.

7         USPS has employed Plaintiff, a woman born on April 18, 1958,
8    since 1985.  Plaintiff began her career at USPS as a mark-up clerk,
9    then moved to the Maintenance Administrative Control Office in
10   January 1987, where she held various positions.  Plaintiff became a
11   Human Resources Associate in March 1992.

12        Plaintiff applied for the position of Manager of Maintenance
13   Operations Support ("MOS") in May 2003, and was one of only three
14   candidates interviewed by USPS for the position.  A review committee
15   recommended Evelyn Ortiz over Plaintiff and the other candidate for
16   the position, based on Ortiz' responses to questions posed during the
17   interview process and her experience in similar supervisory
18   positions.  Selecting Official Pablo Claudio subsequently awarded the
19   position to Ortiz.  In response to this decision, Plaintiff filed a
20   complaint with USPS' EEO office in September 2003, alleging sex and
21   age discrimination.  On April 13, 2005, USPS issued a Notice of Final
22   Decision in Defendant's favor, advising Plaintiff of her right to
23   file a civil action.

1    In March 2004, Plaintiff applied for the position of Tort Claims
2    Investigator ("TCI").   This time, Plaintiff, along with Daniel
3    Navarro, was one of two finalists recommended by the review committee
4    for the position.   Selecting Official Francisco Girau, however,
5    awarded the position to Navarro, citing Navarro's direct experience
6    with motor vehicle accident investigations and his dependability, as
7    compared to Plaintiff's record of unreliable attendance and less
8    relevant job experience.   Girau also sought to save USPS expense by
9    hiring Navarro, who was already receiving a TCI-level salary; had
10   Girau hired Plaintiff, in contrast, her salary would have risen by
11   several grades.   Plaintiff responded to this decision by filing a
12   second EEO complaint in June 2004, alleging discrimination based on
13   age, sex, and retaliation for prior EEO activity.   USPS issued a
14   Notice of Final Decision on April 13, 2005, finding against Plaintiff
15   and advising her of her right to file a civil action.

16   Plaintiff also made an informal complaint of discrimination
17   based on retaliation for her previous EEO complaints in September
18   2004, in response to her receipt of a Letter of Emergency Suspension
19   and other acts on the part of her supervisor, such as requiring
20   Plaintiff to use a time clock to keep track of her hours.[1]   After an

---

[1]The term "informal complaint" refers to the initial complaint
government employees must file within their agency, allowing that
agency time to investigate and attempt mediation of the dispute. If
mediation is not feasible or is unsuccessful, an employee may later
file a formal complaint with the agency. See Padro v. Chao, 452 F.3d
31, 32 n.2 (1st Cir. 2006).

Civil No. 05-1791 (JAF)                                          -4-

1    unsuccessful attempt at mediation, the EEO office advised Plaintiff

2    in writing that she had fifteen days in which to file a formal

3    complaint.  Plaintiff chose not to pursue the matter further.

4        On July 15, 2005, Plaintiff filed this claim alleging

5    discrimination based on age, sex, and retaliation under Title VII and

6    the ADEA, and constitutional violations under Bivens.  Docket

7    Document No. 1-1.  Defendant filed an answer on October 26, 2005.

8    Docket Document No. 6.  Defendant now moves to dismiss and/or for

9    summary judgment.  Docket Document No. 12.  Plaintiff does not oppose

10   the motion.

11                                II.

12                             Standards

13   A.   Motion to Dismiss Standard under Rule 12(b)(1)

14        Under Rule 12(b)(1), a defendant may move to dismiss an action

15   for lack of federal subject matter jurisdiction.  See Fed. R. Civ. P.

16   12(b)(1) (1992 & Supp. 2004).  The party asserting jurisdiction has

17   the burden of demonstrating its existence.  See Skwira v. United

18   States, 344 F.3d 64, 71 (1st Cir. 2003)(citing Murphy v. United

19   States, 45 F.3d 520, 522 (1st Cir. 1995)).

20        Rule 12(b)(1) is a "large umbrella, overspreading a variety of

21   different types of challenges to subject-matter jurisdiction,"

22   including ripeness, mootness, the existence of a federal question,

23   diversity, and sovereign immunity.  Valentin v. Hosp. Bella Vista,

24   254 F.3d 358, 362-63 (1st Cir. 2001).  A moving party may mount a

Civil No. 05-1791 (JAF)                                               -5-

1    "sufficiency challenge," taking the plaintiff's "jurisdictionally-

2    significant facts as true" and requiring the court to "assess whether

3    the plaintiff has propounded an adequate basis for subject-matter

4    jurisdiction." Id. at 363.  Alternatively, when the jurisdictional

5    facts are distinct from the case's merits, a moving party can bring

6    a "factual challenge," in which case the court addresses "the merits

7    of the jurisdictional claim by resolving the factual disputes between

8    the parties." Id. _____

9    **B.   Summary Judgment Standard under Rule 56(c)**

10        The standard for summary judgment is straightforward and

11   well-established.  A district court should grant a motion for summary

12   judgment "if the pleadings, depositions, answers to interrogatories,

13   and admissions on file, together with the affidavits, if any, show

14   that there is no genuine issue as to any material fact and that the

15   moving party is entitled to a judgment as a matter of law." FED. R.

16   CIV. P. 56(c).  A factual dispute is "genuine" if it could be resolved

17   in favor of either party, and "material" if it potentially affects

18   the outcome of the case.  Calero-Cerezo v. U.S. Dep't of Justice, 355

19   F.3d 6, 19 (1st Cir. 2004).

20        The moving party carries the burden of establishing that there

21   is no genuine issue as to any material fact, though the burden "may

22   be discharged by 'showing'– that is, pointing out to the district

23   court – that there is an absence of evidence to support the non-

24   moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325

Civil No. 05-1791 (JAF)                                                -6-

1   (1986).  The burden has two components: (1) an initial burden of

2   production that shifts to the non-moving party if satisfied by the

3   moving party; and (2) an ultimate burden of persuasion that always

4   remains on the moving party.  Id. at 331.

5        The non-moving party "may not rest upon the mere allegations or

6   denials of the adverse party's pleading, but . . . must set forth

7   specific facts showing that there is a genuine issue for trial." FED.

8   R. CIV. P. 56(e).  Summary judgment exists "to pierce the boilerplate

9   of the pleadings and assess the proof in order to determine the need

10  for trial." Euromodas, Inc. v. Zanella, 368 F.3d 11, 17 (1st Cir.

11  2004) (citing Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794

12  (1st Cir. 1992)).

13                                **III.**

14                              **Analysis**

15       Plaintiff brings numerous claims alleging discrimination based

16  on sex, age and retaliation, including: (a) due process claims under

17  Bivens; (b) a hostile work environment claim under Title VII; (c) a

18  retaliation claim under Title VII; (d) disparate treatment claims

19  alleging failure to hire based on age and sex discrimination under

20  Title VII and the ADEA.  We address each claim in turn.

21  **A.   Bivens Claim**

22       Plaintiff alleges violations of her due process rights under

23  Bivens.  Docket Document No. 1.  In the absence of alternative

24  remedies, Bivens provides a private right of recovery for violations

1    of individuals' constitutional rights by federal officials performing

2    their official duties. <u>Bivens</u>, 403 U.S. at 397.  <u>Bivens</u> does not

3    apply in Plaintiff's case, however, because the First Circuit has

4    determined that anti-discrimination statutes such as Title VII and

5    the ADEA constitute the exclusive means of challenging

6    unconstitutional age and sex discrimination, barring independent

7    constitutional claims based on the same facts.  <u>Tapia-Tapia v.</u>

8    <u>Potter</u>, 322 F.3d 742, 745 (1st Cir. 2003)(holding that claimant's

9    constitutional claims, to the extent that they are a mere restatement

10   of ADEA claims, are non-justiciable because "[t]he ADEA provides the

11   exclusive federal remedy for age discrimination in employment.");

12   <u>Rivera-Rosario v. U.S. Dep't of Agric.</u>, 151 F.3d 34, 38 (1st Cir.

13   1998)("[W]here the gravamen of the complaint is Title VII

14   discrimination, the only remedy available is under Title VII.").  We

15   therefore dismiss Plaintiff's <u>Bivens</u> claim and move on to an analysis

16   of her claims under Title VII and the ADEA.

17   **B.   <u>Hostile Work Environment Claim</u>**

18        To prove a hostile work environment, a plaintiff must show that:

19   (1) she is a member of a protected class; (2) she was subjected to

20   unwelcome harassment; (3) the harassment was based on sex or age; (4)

21   the harassment was sufficiently pervasive or severe so as to alter

22   the conditions of employment and create an abusive work environment;

23   (5) a reasonable person would find the conduct hostile or abusive and

24   the victim actually perceived it to be so; and (6) there is a basis

Civil No. 05-1791 (JAF)                                              -8-

1    for  employer  liability.    <u>Valentin-Almeyda  v.  Municipality  of</u>

2    <u>Aquadilla</u>, 447 F.3d 85, 94 (1st Cir. 2006).  We do not reach the

3    merits of Plaintiff's hostile work environment claim, however, as

4    Plaintiff has failed to exhaust the administrative remedies provided

5    by USPS.

6         Title VII requires federal employees to exhaust administrative

7    remedies provided by their federal agency employer before bringing a

8    claim  in  district  court.    42  U.S.C.  §  2000e-16(c);  <u>Morales-</u>

9    <u>Vallellanes v. Potter</u>, 339 F.3d 9, 18 (1st Cir. 2003); <u>Bonilla v.</u>

10   <u>Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999).  The

11   purpose of the exhaustion requirement is to provide the employer with

12   prompt notice of the claim and create an opportunity for early

13   conciliation.  <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st

14   Cir. 1996).  Plaintiff's failure to file a formal EEO complaint with

15   USPS regarding her hostile work environment retaliation claim after

16   her initial informal complaint and unsuccessful mediation accordingly

17   dictates dismissal of that claim.

18   **C.   <u>Retaliation Claim</u>**

19        Title VII states that it is an unlawful employment practice for

20   an employer to discriminate against an employee because she has made

21   an EEO charge against her employer "or participated in any manner in

22   an investigation, proceeding, or hearing under this title." 42 U.S.C.

23   § 2000e-3.  To establish a prima facie case of retaliation, a

24   plaintiff must show that: (1) she engaged in conduct protected by

1   Title VII; (2) she suffered an adverse employment action; and (3) the

2   adverse employment action was causally connected to the protected

3   activity.  Dressler v. Daniel, 315 F.3d 75, 58 (1st Cir. 2003).

4       Plaintiff meets the first and second prongs of a prima facie

5   case of retaliation: she made an EEO complaint alleging that USPS'

6   selection of Ortiz for the MOS position constituted sex and age

7   discrimination in 2003, and USPS did not select her for the TCI

8   position in 2004.  Plaintiff, however, offers no evidence of a causal

9   connection between these events, except that one followed upon the

10  other.  Absent other evidence, the protected activity and the adverse

11  employment action must follow each other very closely to establish

12  causation.  Bishop v. Bell, 299 F.3d 53, 60 (1st Cir. 2002).

13      Here, seven months elapsed between Plaintiff's EEO claim

14  regarding the MOS position in September 2003 and Defendant's decision

15  not to select her for the TCI position in April 2004.  Docket

16  Document No. 12-2.  We find seven months to be too long to establish

17  causation.  Eaton v. Kindred Nursing Centers West, No. 04-131-B-W,

18  2005 U.S. Dist. LEXIS 9545, at *28 (D. Me. May 19, 2005) (finding a

19  ten week lapse between the protected activity and plaintiff's

20  termination too great to establish a causal connection).  Plaintiff

21  has not offered any additional evidence of discrimination based on

22  retaliation.  We therefore dismiss Plaintiff's retaliation claim and

23  turn to her allegations of sex and age discrimination.

24  _____

Civil No. 05-1791 (JAF)                                          -10-

1    **D.   <u>Sex and Age Discrimination Claims</u>**

2    _____Title VII makes it unlawful "to discriminate against any

3    individual with respect to . . . compensation, terms, conditions, or

4    privileges of employment, because of such individual's . . . sex."

5    42 U.S.C. §§ 2000e-2(a)(1), § 2000e-16(a) (proscribing discrimination

6    in federal government employment).  The ADEA similarly prohibits an

7    employer from discharging any individual or otherwise discriminating

8    against her on the basis of her age.  29 U.S.C. § 623(a)(1). The ADEA

9    protects employees aged 40 and over.  29 U.S.C. § 631(a).

10   Where, as here, Plaintiff presents no smoking gun evidence of

11   sex or age discrimination, she may prove her allegations with

12   circumstantial evidence.  <u>Santiago-Ramos v. Centennial P.R. Wireless

13   Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000).   When faced with

14   circumstantial evidence, courts use the burden-shifting framework

15   established in <u>McDonnell Douglas Corp. v. Green</u> to determine whether

16   a plaintiff has raised a genuine issue of fact, triable by jury, as

17   to whether sex or age discrimination motivated the adverse employment

18   action.  411 U.S. 792 (1973); <u>Santiago-Ramos</u>, 217 F.3d at 54.

19   In failure-to-hire cases, the <u>McDonnell Douglas</u> framework first

20   requires a plaintiff to establish a prima facie case by demonstrating

21   that: (1) she belongs to a protected class; (2) she was qualified for

22   the job in question; (3) she was not hired despite her

23   qualifications; and (4) the job was given to someone outside the

24   protected group with roughly equivalent or lesser qualifications.

1    See Rathbun, 361 F.3d at 71; Tex. Dept. of Cmty. Affairs v. Burdine,

2    450 U.S. 248, 253 n.6 (1981); Keyes v. Sec'y of the Navy, 853 F.2d

3    1016, 1023 (1st Cir. 1988); Acevedo v. Johnson & Johnson-Janssen

4    Pharm., 240 F. Supp. 2d 127, 132 (D.P.R. 2002).  This modest showing

5    suffices  to  raise  an  inference  of  intentional  discrimination.

6    Burdine, 450 U.S. at 253-54 ("The burden of establishing a prima

7    facie case of disparate treatment is not onerous.").  The burden of

8    production then shifts back to the employer-defendant who must rebut

9    the inference by articulating some legitimate, non-discriminatory

10   reason for the employment decision.  Domínguez-Cruz v. Suttle Caribe,

11   Inc., 202 F.3d 424, 430 (1st Cir. 2000).

12        Should the employer meet this burden, the inference of unlawful

13   discrimination is dispelled, and the burden shifts to the plaintiff

14   to show that the employer's alleged justification is a pretext for

15   discrimination.  Id.; Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823

16   (1st Cir. 1991).  At this stage, the plaintiff must produce evidence

17   beyond  the  mere  assertion  that  the  alleged  justification  is

18   implausible and show that discriminatory animus actually motivated

19   the employer's decision.  See Hazen Paper v. Biggins, 507 U.S. 604,

20   610 (1993); Mesnick, 950 F.2d at 825; Santiago-Ramos, 217 F.3d at 54.

21   Throughout this analysis, the plaintiff must prove that she would not

22   have suffered the adverse employment action but for her membership in

23   a protected class.  See Freeman v. Package Mach., 865 F. 2d 1331,

24   1335 (1st Cir. 1988).

Civil No. 05-1791 (JAF)                                          -12-

1       Defendant argues that Plaintiff's sex and age discrimination

2    claims should be dismissed because: (1) she has not established a

3    prima facie case; and (2) she has not proven that Defendant's

4    legitimate non-discriminatory reasons for its actions were

5    pretextual. Docket Document No. 12-2.

6       **1.  Plaintiff's Prima Facie Case**

7       Plaintiff easily meets the first prong of a prima facie case

8    because she is a member of the two protected classes at issue here:

9    she is a woman and she is at least 40 years old. Defendant also does

10   not dispute the second and third prongs, that Plaintiff had the

11   qualifications necessary for the jobs in question, and that Plaintiff

12   was not hired for either the MOS or TCI positions, despite her

13   qualifications. Defendant does argue, however, that Plaintiff cannot

14   establish the fourth prong because USPS awarded each position to a

15   candidate who was either within the protected class, or who possessed

16   superior qualifications. Id. We review the facts in the record to

17   determine whether Plaintiff has established the fourth prong of a

18   prima facie case of discrimination for either the MOS or TCI

19   positions.

20       **a.  MOS position**

21       First, Defendant argues that Plaintiff's sex discrimination

22   claim must be dismissed because, as a woman, Ortiz is not outside the

23   relevant protected class. Id. The minimal burden, however, of

24   establishing a prima facie case does not necessarily require the

1  plaintiff to prove that the candidate selected was not a member of

2  the same protected class.  Cumpiano v. Banco Santander Puerto Rico,

3  902 F.2d 148, 155 (1st Cir. 1990); Pivirotto v. Innovative Sys., 191

4  F.3d 344, 354 (3rd Cir. 1999)("The fact that a female plaintiff

5  claiming gender discrimination was replaced by another woman might

6  have some evidentiary force . . . [b]ut this fact does not . . .

7  foreclose the plaintiff from proving that the employer was motivated

8  by her gender.").  Here Plaintiff does not offer any evidence to

9  suggest that USPS' selection of Ortiz was motivated by Plaintiff's

10  gender.  We therefore find that Plaintiff has not met the fourth

11  prong of a prima facie case of sex discrimination for the MOS

12  position.

13      Second, Defendant does not dispute that Ortiz, born on

14  December 17, 1974, is under forty years old and, therefore, falls

15  outside the class of persons protected by the ADEA. Defendant

16  asserts, however, that Plaintiff cannot meet the fourth prong of a

17  prima facie case for her age discrimination claim because Ortiz and

18  Plaintiff did not possess similar or equivalent qualifications and

19  therefore were not "similarly situated."[2]  Docket Document No. 12-2.

_____

[2]To make this point, Defendant analogizes to two discharge cases
where the court found that plaintiffs were not similarly situated to
other employees who engaged in comparable conduct but were not
discharged, in the context of proving pretext and discriminatory
animus. Docket Document No. 12-2 (citing Cardona Jimenez v.
Bancomercio de Puerto Rico, 174 F.3d 36, 42 (1st Cir. 1999); Conward
v. Cambridge Sch. Comm., 171 F.3d 12 (1st Cir. 1999).  The standard
for a prima facie case is much lower, however, than that required to
prove pretext, so the comparison is not helpful.  See Burdine, 450

Civil No. 05-1791 (JAF)                                              -14-

1    Defendant relies on Begovic v. Water Pik Techs., Inc. for the

2    proposition that unless two candidates possess near identical

3    qualifications, the fourth prong of a prima facie case in a failure-

4    to-hire case cannot be met. Id. (citing No. 04-CV-447-SM, 2005 U.S.

5    Dist. LEXIS 5898, (D.N.H., April 6, 2005)). In Begovic, the

6    plaintiff alleging discrimination claimed that he possessed the

7    necessary experience for the first position for which he applied,

8    even though the job description called for five to seven years of

9    supervisory experience and the plaintiff had none. No. 04-CV-447-SM,

10   at *13. The second position sought by the plaintiff required strong

11   interpersonal and communication skills; the plaintiff worked alone

12   and had a disciplinary record indicating problems cooperating with

13   others. Id. Despite the plaintiff's failure to provide evidence

14   that he met the requisite qualifications for either of these

15   positions and the likelihood that he did not, the court gave the

16   plaintiff the benefit of the doubt, finding that he "arguably"

17   satisfied his burden to establish a prima facie case. Id. at *13-14.

18       Here, USPS initially selected Plaintiff, Ortiz, and Ruben Piñero

19   as candidates for the MOS position. Docket Document No. 12-2.

20   Although USPS has not provided the court with the minimum

21   requirements for the job, Defendant asserts that Plaintiff's

_____

U.S. at 253-54 (explaining that the proof required to establish the
elements of a prima facie case is minimal); Conward, 171 F.3d at 20
(stating that to find an inference of discrimination in discharge
cases, the compared employees or situations must be similar in all
relevant aspects).

1   experience paled in comparison to Ortiz' because systems and

2   procedures had altered dramatically since Plaintiff held a comparable

3   supervisory position in the late 1980s and early 1990s. Id. While

4   this assertion supports Defendant's argument that USPS had a

5   legitimate, non-discriminatory reason for selecting Ortiz over

6   Plaintiff, it does not prove that Plaintiff and Ortiz were so

7   dramatically dissimilar in their qualifications that Plaintiff could

8   not meet the relatively low standard of proof required to establish

9   the fourth prong of a prima facie case. Without more information

10  regarding the required qualifications, we assume that Plaintiff

11  possessed the minimum requirements for the position and find that

12  Plaintiff has met her minimal burden of establishing a prima facie

13  case of age discrimination regarding the MOS position.

14      Defendant also argues that Plaintiff cannot establish a prima

15  facie case of age discrimination because neither Selecting Official

16  Claudio nor review committee member Rocco Compitello were aware of

17  the candidates' respective ages and Compitello stated that he was

18  unable to discern them based on personal observation. Docket Document

19  No. 12. Generally, "a defendant employer's knowledge of a

20  plaintiff's age will be undisputed because employers routinely

21  maintain employee age information in their personnel files or are

22  generally aware of employees' relative ages from personal on-the-job

23  contact." Woodman v. WWOR-TV, Inc., 411 F. 3d 69, 80 (2nd Cir.

24  2005). Where, as here, USPS possessed personnel files on employees

Civil No. 05-1791 (JAF)                                          -16-

1    Plaintiff  and  Ortiz,  and  multiple  persons  within  USPS  shared

2    responsibility for the decision to promote Ortiz over Plaintiff, we

3    assume USPS' knowledge of the candidates' relative ages.[3]

4              **b.   TCI position**

5        Plaintiff has met her burden of establishing a prima facie case

6    of both age and sex discrimination regarding the TCI position.  The

7    candidate  selected,  Navarro,  is  both  male  and  under  age  40,  and

8    therefore  falls  outside  of  both  of  the  protected  classes  at  issue

9    here.    Plaintiff  and  Navarro  were  the  only  finalists  for  the

10   position,  a  fact  that  provides  sufficient  evidence  that  Plaintiff

11   possessed  similar  if  not  equal  qualifications  to  Navarro's.    See

12   Begovic, No. 04-CV-447-SM, at *13-14.

13             **2.   Legitimate Non-Discriminatory Reason and Pretext**

14       Next,  Defendant  must  rebut  the  presumption  of  discrimination

15   created by Plaintiff's establishment of a prima facie case of age

16   discrimination for the MOS position and age and sex discrimination

17   for the TCI position by producing evidence that USPS failed to hire

18   Plaintiff for a legitimate, nondiscriminatory reason.  Burdine, 450

19   U.S. at 254.

20       Defendant  meets  its  burden  by  presenting  evidence  that  USPS

21   selected  the  successful  candidates  for  the  MOS  and  TCI  positions

22   because  they  were  better  qualified  than  Plaintiff.    Gu  v.  Boston

_____

[3]The committee included Guy J. Matia and Blanca Layme in addition
to Rocco Compitello.

1    Police Dept., 312 F.3d 6 (1st Cir. 2002)(finding that selecting a

2    better qualified candidate is a legitimate, non-discriminatory basis

3    for a hiring decision).  For the MOS position, USPS selected Ortiz

4    based on her superior familiarity with the department's operations,

5    her suggestions for improvements, and her wealth of recent

6    supervisory experience.  Docket Document 12-2.  In contrast, USPS

7    found Plaintiff to be a much weaker candidate due to her failure to

8    recognize acronyms commonly used within the department and her

9    general lack of familiarity with operations.  Id.

10        Comparing the two candidates for the TCI position, USPS selected

11   Navarro for his direct experience with accident investigations and

12   his excellent attendance record.  Id.  Plaintiff had uneven

13   attendance and had worked primarily behind a desk, with no

14   demonstrated experience investigating motor vehicle accidents.  Id.

15   These facts suffice to discharge Defendant's burden to present

16   legitimate non-discriminatory reasons for its actions.  St Mary's

17   Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993) (requiring the

18   defendant to produce evidence that, if taken as true, would permit

19   the conclusion that a non-discriminatory reason for the adverse

20   action existed).

21        In response, Plaintiff has not offered any evidence that the

22   reasons put forth by USPS are merely a pretext for discrimination.

23   Instead, Plaintiff asserts that, regarding the MOS position,

Civil No. 05-1791 (JAF)                                          -18-

1   successful candidate Ortiz "did not have the same or higher [sic]

2   level of education" as Plaintiff.  Docket Document No. 1-1.

3   This assertion alone does not demonstrate discriminatory animus, and

4   the court "cannot and will not second guess the business decisions of

5   an employer, or impose its subjective judgment" on employers' hiring

6   decisions.  Acevedo, 240 F. Supp. 2d at 134.

7        Because Plaintiff failed to provide any facts indicating that

8   USPS' business justifications for its hiring decisions are

9   pretextual, we find that Plaintiff's age and sex discrimination

10  claims must be dismissed with prejudice.

11                                **IV.**

12                             **Conclusion**

13       For the reasons stated herein, we **GRANT** Defendant's motion to

14  dismiss Plaintiff's hostile work environment claim for lack of

15  subject matter jurisdiction without prejudice, and **GRANT** Defendant's

16  motion for summary judgment on Plaintiff's age and sex discrimination

17  claims with prejudice.

18       **IT IS SO ORDERED.**

19       San Juan, Puerto Rico, this 12th day of December, 2006.

20                                  s/José Antonio Fusté
21                                  JOSE ANTONIO FUSTE
22                                  Chief U. S. District Judge